MARDEROS PAPAZIAN *et al. vs.* HACHADOOR S. EMERZIAN.
JANUARY 26, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. The complainants, by leave of court, filed a motion for reargument on several grounds, one of which is that the second mortgage in question is in violation of the H.O.L.C. regulation and therefore void because its terms deprived them of a reasonable opportunity to pay that mortgage. In support of this contention the complainants incorporate in said motion a statement of their expenses under the first and second mortgages and the income that the real estate could yield from May 4, 1934, the date of the second mortgage, to May 4, 1937, when it would be due and payable. Adding to these expenses the principal of the second mortgage, the statement shows a deficit on May 4, 1937 of a relatively small sum.

The corporation was called upon to act in a time of stress and emergency. Looking at the whole matter prospectively, as the H.O.L.C. committee had to do, it was not unreasonable to believe that conditions would improve and that on

a reasonable consideration of complainants' financial situation, including wages, they could meet the required obligations. The regulation does not require that the committee's decision be correct to a mathematical certainty. Because a retrospective view of complainants' income and wages might show some slight variation from the committee's mathematical computation, it would not follow that its decision was unreasonable or arbitrary. Under all the circumstances in evidence, we are of the opinion that the committee exercised reasonable discretion in the matter within the regulation when it allowed the second mortgage in question.

The complainants further contend that the second mortgage was not within the regulation and is void because the attorney for the corporation testified that he was not aware of the regulation and therefore "it is not to be supposed that the other members of the 'Committee' knew about it." The premise does not justify the conclusion, unless all the other evidence and the reasonable inferences therefrom are disregarded. The fact still remains that the terms of the second mortgage as fixed by the corporation were reasonably in accordance with the provisions of the regulation.

After due consideration of all matters urged in complainants' motion for reargument, it is our judgment that no cause has been shown why the opinion of the court, as previously filed in this cause, should not stand.

Motion for reargument denied.

*Philip S. Knauer, Knauer & Knauer,* for complainants.
*Francis I. McCanna,* for respondent.